JS 44 (Rev. 07/16)

PD

# CIVIL COVER SHEET

16-cv-6239

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
James Mitchell and Rodney Gressley, individually and on behalf of all others similarly situated

**(b)** County of Residence of First Listed Plaintiff: Lebanon
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Murphy Law Group, LLC, Eight Penn Center, Suite 1803, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103, TEL: 267-273-1054

**DEFENDANTS**
Stonemor Partners, L.P.

16 6239

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

Brief description of cause:
Claims for unpaid wages pursuant to the FLSA and state law

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

NOV 29 2016

DATE: 11/29/2016

SIGNATURE OF ATTORNEY OF RECORD

S.T.

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

PD

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

16 6239

Address of Plaintiff: 2 Ironhorse Circle, Palmyra, PA 17078; 18 King Arthur Drive, Mill Hall, PA 17751

Address of Defendant: 3600 Horizon Blvd., Suite 100, Trevose, PA 19053

Place of Accident, Incident or Transaction: 1921 Ritner Highway, Carlisle, PA 17013; 1032 Benner Pike, State College, PA 16801

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY:*
Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) Fair Labor Standards Act

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) ______

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Michael Murphy, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

**DATE:** 11/29/2016 ______ Attorney-at-Law 91262 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

NOV 29 2016

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** 11/29/2016 ______ Attorney-at-Law 91262 Attorney I.D.#

CIV. 609 (5/2012)

PD

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| James Mitchell and Rodney Gressley, individually and on behalf of all others similarly situated | : | CIVIL ACTION |
| v. | : | |
| Stonemor Partners, L.P. | : | NO. 16 6239 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| | | |
|---|---|---|
| 11/29/2016 | | Plaintiffs, James Mitchell and Rodney Gressley |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-273-1054 | 215-525-0210 | murphy@phillyemploymentlawyer.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV 29 2016

PD

# MURPHY LAW GROUP, LLC

*ATTORNEYS AT LAW*

Eight Penn Center, Suite 1803
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
Office: 215.375.0961 or 267.273.1054
Fax: 215.525.0210

Email: murphy@phillyemploymentlawyer.com

*Michael Murphy, Esquire* *(Admitted in PA and NJ)*
*Michael Groh, Esquire* *(Admitted in PA, NJ, and NY)*
*Erica E. Kane, Esquire* *(Admitted in PA and NJ)*
*Megan L. Davis, Esquire* *(Admitted in PA)*
*Daniel S. Orlow, Esquire* *(Admitted in PA and NJ)*

16 6239

November 29, 2016

**Via Hand-Delivery**

Clerk of Court
United States District Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

**Re: James Mitchell and Rodney Gressley v. StoneMor Partners, L.P.**

Dear Sir/Madam,

Enclosed, for filing with respect to the above-referenced matter, please find an original and three copies of the Plaintiff's Civil Action Complaint, a Civil Cover Sheet, and a check made payable to Clerk, United States District Court, in the amount of $400.00. Please time-stamp the extra copy of the Complaint and return it to me in the self-addressed envelope I have enclosed. A PDF copy of the Complaint has been saved on the enclosed disk.

If you have any questions, please do not hesitate to contact me. Thank you for your assistance.

Very truly yours,

Michael Murphy

MM/jw

Enclosures
cc: James Mitchell (via electronic mail)
Rodney Gressley (via electronic mail)

#410

PD

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MITCHELL<br>2 Ironhorse Circle<br>Palmyra, PA 17078 | 16 6239 |
| RODNEY GRESSLEY<br>18 King Arthur Drive<br>Mill Hall, PA 17751 | Civil Action No.: ___________ |
| | Jury Trial Demanded |
| individually and on behalf of all others<br>similarly situated,<br><br>Plaintiffs, | |
| v. | |
| STONEMOR PARTNERS L.P.<br>3600 Horizon Blvd., Suite 100<br>Trevose, PA 19053<br><br>Defendant. | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs Jim Mitchell ("Mr. Mitchell") and Rodney Gressley ("Mr. Gressley") (collectively "Plaintiffs"), individually and on behalf of all other similarly situated employees of Stonemor Partners, L.P. ("Defendant"), by and through their undersigned counsel, bring this Collective and Class Action Complaint ("Complaint") against Defendant and allege, upon personal belief as to themselves and their own acts, and as for all other matters upon information and belief, as follows:

## NATURE OF THE ACTION

**1.** Plaintiffs bring this Complaint on behalf of themselves and others similarly situated contending that Defendant has improperly failed to pay compensation and overtime

compensation to its Sales Managers pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100 *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("WPCL"), Pa. Con. Stat. § 260.1 *et seq*.

2. Plaintiffs are current employees of Defendant where they are employed as Sales Managers. During the course of their employment, Plaintiffs have not had their hours of work accurately tracked and recorded by Defendant, and also regularly work/worked more than forty (40) hours per week, but were/are not properly compensated for their work and/or were/are not paid overtime compensation as required by the FLSA.

3. As a result of Defendant's improper and willful failure to track and record the hours actually worked by its Sales Managers and to pay its Sales Managers in accordance with the requirements of the FLSA and PMWA, Plaintiffs and others similarly situated have suffered damages.

4. Plaintiffs bring this action for monetary damages, declaratory and injunctive relief, and other equitable an ancillary relief, to seek redress for Defendant's willful, unlawful and improper conduct.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over Plaintiffs' state law claims because those claims arise out of the same nucleus of operative fact as their federal law claims.

7. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this district, conducting business therein, and the unlawful practices of which Plaintiffs are complaining were committed in this district.

## PARTIES

8. "Class Plaintiffs" are the individuals named above and those who file "opt-in" consent forms with the Court.

9. Plaintiff James Mitchell is a citizen of the United States and Pennsylvania, where he maintains a residence at 2 Ironhorse Circle, Palmyra, PA 17078.

10. Plaintiff Rodney Gressley is a citizen of the United States and Pennsylvania, where he maintains a residence at 18 King Arthur Drive, Mill Hall, PA 17751.

11. Upon information and belief, Defendant Stonemor Partners, L.P. is a limited partnership with a principal place of business located at 3600 Horizon Boulevard, Suite 100, Trevose, PA 19053.

12. Defendant is a "private employer" and subject to the provisions of the FLSA, PMWA, and WPCL.

13. Plaintiffs are current employees of Defendant and as such are employees entitled to the protections of the FLSA, PMWA, and WPCL.

14. At all times relevant hereto, Defendant acted or failed to act through its agents, servants and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. This action is brought as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties and damages owed to Plaintiffs and all similarly situated current and former employees of Defendant.

16. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiffs bring this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Sales Manager or in positions with similar job duties who were subject to Defendant's unlawful pay practices and policies described herein and who worked for Defendant at any point in the three years preceding the date the instant action was initiated (the members of the putative class are hereinafter referred to as the "Class Plaintiffs").

17. Plaintiffs estimate that there are approximately fifty (50) to sixty (60) other Plaintiffs who either were or are working for Defendant and were unlawfully denied overtime compensation for hours worked in excess of forty (40) in a workweek. The precise number of employees can be easily ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. Potential Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

18. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because all the class members are similarly situated. Plaintiffs and other similarly situated employees were similarly not paid an overtime premium for hours worked in excess of forty (40) in a workweek, had the same job classification and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant failed to pay Class Plaintiffs an overtime premium for all hours worked over 40 hours in a workweek, have affected Plaintiffs and Class Plaintiffs in the same fashion.

19. Plaintiffs will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this

action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation and liquidated damages under the FLSA.

**CLASS ACTION ALLEGATIONS**

20. Plaintiffs bring this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant during the last three (3) years in the position of Sales Manager or in positions with similar job duties who were denied overtime compensation for work performed in excess of forty (40) hours in a workweek.

21. The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

22. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

A. Whether Plaintiffs and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week;

B. Whether Plaintiffs and the Class worked in excess of forty (40) hours per week;

C. Whether Plaintiffs and the Class have suffered and are entitled to damages, and if so, in what amount; and

D. Whether Defendant failed to pay Plaintiffs and the Class wages and overtime compensation in the period when said wages became due and owing.

23. Plaintiffs' claims are typical of the claims of the Class members. Plaintiffs are current employees of Defendant who are employed in the position of Sales Manager and who

have suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay wages and overtime compensation. Defendant's conduct of violating the FLSA/PMWA have affected Plaintiffs and the Class in the exact same way.

24. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs are similarly situated to the Class and have no conflict with the Class members.

25. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in class action litigation.

26. Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A. The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B. Defendant, by failing to pay overtime compensation when it became due and owing, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C. The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

27. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their

common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTUAL BACKGROUND

28. Paragraphs 1 through 27 are hereby incorporated by reference as though more fully set forth at length herein.

29. Defendant hired Mr. Mitchell on or about May 2, 2016 as a Sales Manager out of Defendant's Carlisle location, located at 1921 Ritner Highway, Carlisle, PA 17013.

30. Defendant hired Mr. Gressley on or about May 2, 2016 as a Sales Manager working out of Defendant's State College location, located at 1032 Benner Pike, State College, PA 16801.

31. Throughout the duration of their employment with Defendant, Plaintiffs and Class Plaintiffs performed the same non-exempt job duties, which predominantly involve/involved opening and closing Defendant's facilities, conducting routine bookkeeping and data entry tasks, scheduling shifts for Defendant's employees, and acting as a point of contact for customers with concerns and/or complaints.

32. In carrying out the foregoing responsibilities, Plaintiffs and Class Plaintiffs follow/followed established company protocols, and as such, were/are not afforded the

opportunity to exercise independent discretion over matters of significance. In this regard, Plaintiffs' and Class Plaintiffs' job duties were/are comprised mainly of standard administrative and customer service tasks, and Plaintiffs and Class Plaintiffs do/did not have the authority to change and/or alter any of Defendant's established policies and practices.

33. Plaintiffs and Class Plaintiffs were/are not authorized to make purchases and/or enter into contracts on behalf of the company without prior authorization.

34. As an example, in or around October of 2016, Mr. Gressley requested and was denied a $50.00 weekly allowance for various office supply purchases as the need for such supplies arose.

35. Plaintiffs and Class Plaintiffs did/do not have the authority to make decisions regarding personnel matters, nor did/do they have authority to make alterations to benefits enrollment paperwork, 401(k) forms, or other Human Resources documents.

36. Plaintiffs and Class Plaintiffs did/do not have the authority to hire and/or fire employees of Defendant, nor are their opinions related to hiring and firing given any significant weight.

37. By way of example, in or around August of 2016, Mr. Gressley requested authorization to hire an additional employee to work out of Defendant's State College location, and this request was summarily denied.

38. By way of further example, in or around August of 2016, Mr. Mitchell requested authorization to fire an employee who he believed had been drinking on the job. This request was likewise summarily denied by Mr. Mitchell's supervisor, Marci Goldshlack ("Ms. Goldshlack").

39. Throughout the duration of their employment with Defendant, Plaintiffs have routinely worked in excess of forty (40) hours per week. In fact, in a typical workweek, Plaintiffs work approximately sixty (60) to seventy (70) hours.

40. Upon information and belief, Class Plaintiffs routinely work in excess of forty (40) hours per week. In fact, in a typical workweek, Plaintiff and Class Plaintiffs typically work between fifty-five (55) and seventy (70) hours.

41. Despite working in excess of forty (40) hours per week for nearly every week they have worked for Defendant, Plaintiffs and Class Plaintiffs were/are not paid overtime compensation at a rate of 1.5 times their regular rate for hours worked in excess of 40 in a workweek. Rather, Plaintiffs and Class Plaintiffs were/are paid a straight, unchanging salary regardless of the number of hours they actually work.

42. Further, at no point during their employment with Defendant were Plaintiffs' and Class Plaintiffs' hours accurately tracked. Plaintiffs and Class Plaintiffs were not required to submit time sheets, clock in and clock out, or otherwise report their actual hours worked.

43. In violation of the FLSA and PMWA, Defendant unlawfully failed to track, record, and report all hours worked by Plaintiffs and Class Plaintiffs.

44. As outlined above, Plaintiffs and Class Plaintiffs performed the same, traditionally non-exempt administrative and customer service job duties.

45. Plaintiffs and Class Plaintiffs were misclassified as "exempt" from the overtime provisions of the FLSA and PMWA, and Defendant thus determined they were not entitled to overtime compensation for hours worked in excess of forty (40) hours in a workweek.

46. Although Defendant unlawfully misclassified Plaintiffs and Class Plaintiffs as "exempt," Plaintiffs and Class Plaintiffs were not exempt from receiving overtime, in that they did/do not meet the requirements for one or more exemptions under the FLSA and/or PMWA.

47. Plaintiffs and Class Plaintiffs do/did not have the authority to hire, fire and/or discipline other employees employed by Defendant without prior authorization, nor are their opinions regarding hiring and/or firing given any significant weight. Thus, Plaintiffs and Class Plaintiffs were/are not exempt from overtime compensation pursuant to the exemption for executive employees under the FLSA/PMWA.

48. Additionally, Plaintiffs and Class Plaintiffs do/did not exercise independent judgment or have discretion to act without immediate supervision as to matters of significance to Defendant's business. As set forth above, Plaintiffs and Class Plaintiffs were generally not permitted to incur expenses, enter into contracts on Defendant's behalf, or establish new policies or practices without prior authorization. Thus, Plaintiffs and Class Plaintiffs were/are not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

49. Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiffs and Class Plaintiffs.

50. Accordingly, Plaintiffs and Class Plaintiffs were/are, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and were/are entitled to overtime pay at a rate of 1.5 times their regular rate(s) of pay for each hour worked in excess of forty (40) in a workweek.

51. Defendant failed to pay Plaintiffs and Class Plaintiffs at a rate of 1.5 times their regular rate of pay for each hour they worked in excess of forty (40) in a workweek.

52. As a result of Defendant's aforesaid illegal actions, Plaintiffs and Class Plaintiffs have suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME COMPENSATION**

53. Paragraphs 1 through 52 are hereby incorporated by reference as though the same were more fully set forth at length herein.

54. Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

55. Moreover, Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to 1.5 times his or her regular rate of pay, for all hours worked in excess of forty (40) hours per week.

56. According to the policies and practices of Defendant, Plaintiffs and Class Plaintiffs worked in excess of forty (40) hours per week. Despite working in excess of 40 hours per week, Plaintiffs and Class Plaintiffs were denied overtime compensation for compensable work performed in excess of 40 hours per week in violation of the FLSA. Defendant failed to pay Plaintiffs and Class Plaintiffs at a rate of at least 1.5 times their regular rate of pay for each hour that they worked in excess of forty hours in a workweek.

57. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

58. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

59. Defendant is liable to Plaintiffs and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

**WHEREFORE**, Plaintiffs pray for the following relief on behalf of themselves and Class Plaintiffs:

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An Order from this Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendant during the preceding three (3) years in the position of Sales Manager and/or in positions with similar job duties, and authorizing Class Plaintiffs' counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime pay as required by the FLSA;

C. Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D. Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime pay to Plaintiffs and Class Plaintiffs for work performed in excess of forty (40) hours per week;

E. Awarding Plaintiffs and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F. Awarding Plaintiffs and Class Plaintiffs liquidated damages in accordance with the FLSA;

G. Awarding Plaintiffs and Class Plaintiffs reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H. Awarding pre- and post-judgment interest and court costs as further allowed by law;

I. Granting Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J. For all additional general and equitable relief to which Plaintiffs and Class Plaintiffs may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**FAILURE TO PAY OVERTIME COMPENSATION**

60. Paragraphs 1 through 59 are hereby incorporated by reference as though the same were more fully set forth at length herein.

61. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their employees. See 43 P.S. § 333.113.

62. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

63. By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

64. As a result of Defendant's unlawful acts, Plaintiffs and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorneys' fees pursuant to the Pennsylvania Minimum Wage Act of 1968.

**WHEREFORE,** Plaintiffs pray for the following relief on behalf of themselves and Class Plaintiffs:

A. An Order certifying this case as a class action and designating Plaintiffs as the representatives of the Class and their counsel as class counsel;

B. An award to Plaintiffs and the Class for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C. An award to Plaintiffs and the Class of reasonable attorneys' fees and costs pursuant to the PMWA; and

D. An award to Plaintiffs and the Class for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem just and proper.

**COUNT III**
**PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW**
**Pa. Con. Stat. § 260.1 *et seq.***

65. Paragraphs 1 through 64 are hereby incorporated by reference as though the same were more fully set forth at length herein.

66. By its actions alleged above, Defendant has violated the provisions of Pennsylvania's Wage Payment and Collection Law by failing to pay certain wages and benefits earned, due and owing to Plaintiffs and Class Plaintiffs pursuant to Defendant's policies, practices, and agreements with Plaintiffs and Class Plaintiffs.

67. Plaintiffs and Class Plaintiffs are entitled to compensation for hours of work which they performed for Defendant and for which they have not been properly compensated.

68. As a result of Defendant's unlawful acts, Plaintiffs and Class Plaintiffs have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, along with liquidated damages, together with costs and attorneys' fees pursuant to the WPCL.

**WHEREFORE**, Plaintiffs pray for the following relief on behalf of themselves and Class Plaintiffs:

A. An award to Plaintiffs and Class Plaintiffs for the amount of unpaid compensation to which they are entitled, including interest thereon, and penalties subject to proof;

B. An award to Plaintiffs and Class Plaintiffs of liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of wages and benefits due pursuant to the WPCL;

C. An award to Plaintiffs and Class Plaintiffs of reasonable attorneys' fees and costs pursuant to the WPCL; and

D. An award to Plaintiffs and Class Plaintiffs for any other damages available to them under Pennsylvania law, including general and special damages according to proof, and all other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: ______________________________

Michael Murphy, Esq.
Murphy Law Group, LLC
Eight Penn Center, Suite 1803
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
Attorney for Plaintiff

Dated: 11/29/2016

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation